UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                                                Chapter 7
John Swift, Jr *aka* John B. Swift
and Linda Swift,                                                                           Case No. 94-10285-CEC
                Debtors.
------------------------------------------------------------X
Paul I. Krohn, Chapter 7 Trustee,
                Plaintiff,
-against-                                                                                        Adv. Pro. No. 12-1044-CEC

Robert Burton and Jean Bismuth,
                Defendants.
------------------------------------------------------------X
Robert Burton,
                Third Party Plaintiff,
-against-

Joseph Tedeschi,
                Third Party Defendant.
------------------------------------------------------------X
Robert Burton,
                Counter-Claimant,
-against-

Joseph Tedeschi,
                Counter-Defendant.
------------------------------------------------------------X

## DECISION

Appearances:

Adam Michael Levy, Esq.                                    Robert Burton
Goldberg Weprin Finkel Goldstein LLP         345 East 93rd Street 18-G
1501 Broadway, 22nd Floor                             New York, NY 10129
New York, NY 10036                                        Pro Se
Attorneys for Plaintiff


CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

In this adversary proceeding, the chapter 7 trustee, Paul I. Krohn (the "Trustee") seeks to recover a one-half interest in cooperative apartments 2L, 2U, and 4M located at 44-14 Newtown Road, Astoria, NY (the "Apartments") from Robert Burton, on the grounds, *inter alia*, that the interest is property of the estate. Burton has possession of the Apartments, which are rented to third parties. Although the debtor John Swift Jr. ("Swift" or the "Debtor") has at all relevant times held record ownership of a one-half interest in the Apartments, Burton claims to have purchased the beneficial interest in Swift's interest in the Apartments from Jean Bismuth, the Debtor's son-in-law (who, Burton claims, was at all times the beneficial owner of the interest in question), in a transaction that took place in 2004, ten years after this bankruptcy case was commenced. Burton asserts that the Apartments therefore are not property of the estate, and that the Trustee's claims are, in any event, barred by statutes of limitations and equitable doctrines.

On August 5, 2013, the Trustee was awarded summary judgment declaring that the disputed interests in the Apartments are property of the estate because Burton did not provide any proof that Bismuth ever owned any interest in the Apartments, and because the undisputed facts did not support Burton's defenses to the Trustee's claims for turnover of the Apartments. Burton now seeks reconsideration of that decision and order pursuant to Bankruptcy Rules 9023 and 9024.

Because Burton's motion for reconsideration does not raise any argument that could not have been raised before the record on the Trustee's summary judgment motion was closed and because it asserts arguments already considered and rejected, the motion is denied.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## BACKGROUND

On January 12, 1994, John Swift, Jr. and Linda Swift (together, the "Debtors") filed a voluntary joint petition under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as chapter 7 trustee of the Debtors' estates. The Debtors did not list any real property on Schedule A or stock in a cooperative corporation on Schedule B. Schedule F listed unsecured claims totaling $14,735,608, including $2,200 owed to "Equity Preservation Co., c/o Robert Burton, Esq., 2118 Utopia Pkw, Queens, New York 11357." (Schedule B ¶ 19, Case No. 94-10285-CEC, ECF No. 1 at 13.)

On April 25, 1994, the Trustee commenced an adversary proceeding to deny the Debtors a discharge pursuant to § 727[1]. In the complaint (the "Discharge Complaint"), the Trustee alleged, among other things, that "[u]pon information and belief, Swift has a one-half interest in three (3) co-op apartments located at 44-14 Newtown Road, Astoria, New York, which purportedly is owned jointly with Joseph Tedeschi." (Compl. ¶ 26, Adv. Pro. No. 94-1146-MAH, ECF No. 1.) On September 30, 1994, a default judgment was entered against the Debtors denying them a discharge pursuant to § 727(a)(3) for failing to maintain books and records.

On February 17, 2012, the Trustee commenced this adversary proceeding against Burton and Bismuth. The Trustee alleges that he was informed by a creditor "on the eve of the Final

---

[1] Unless otherwise specified, all statutory references are to Title 11, U.S.C.

Meeting of Creditors scheduled for March 21, 2011" that Swift was the record holder of shares of stock in 44-14 Newtown Road Apartment Corporation, with an ownership interest in, and proprietary lease to, the Apartments. (Compl. ¶ 15, Adv. Pro. No. 12-1044-CEC, ECF No. 1.) Upon investigation, the Trustee confirmed that the stock certificate and the co-op's records reflect that Swift is a 50% owner, and that Joseph Tedeschi owns the remaining 50% interest. The Trustee pointed out that the co-op board has never recognized any owners of the stock other than Swift and Tedeschi. Based upon these facts, the Trustee sought a declaratory judgment that the estate is the 50% owner of the stock and Apartments, and seeks turnover of the Apartments, which are managed and controlled by Burton.

In his answer, Burton contended that he purchased the beneficial interest in Swift's interest in the Apartments in April or May 2004 from Bismuth, more than a decade after the Debtors commenced this bankruptcy case, for $30,000. Burton maintains that the Apartments are not property of the estate because, although Swift held legal title to a 50% interest in the shares, he never held the beneficial interest; rather, Bismuth, who, Burton asserts, provided the funds to purchase the Apartments, was the beneficial owner. Burton also asserted various affirmative defenses, including the equitable defenses of waiver, estoppel, time bar, laches, evidence spoliation, unclean hands, unjust enrichment, acquiescence, and equitable subordination. Burton admits that he knew that Swift was the record owner of 50% of the Apartments, and that Swift was in bankruptcy, at the time of his alleged purchase of the beneficial interest in the Apartments from Bismuth. (Compl. ¶ 22, Adv. Pro. No. 12-1044-CEC, ECF No. 1; Answer ¶ 1, Adv. Pro No. 12-1044-CEC, ECF No. 5.) Burton asserts that he relied on representations made by Tedeschi and Tedeschi's attorney, Jack D'Emic, that Bismuth was the beneficial 50% owner of the Apartments. Burton also asserted a counterclaim seeking

compensation for time and money he claims that he spent on supervising renovations to the Apartments, and renting and managing the Apartments.

On August 9, 2012, Burton filed a motion to amend his answer to include a third party claim against Tedeschi, to include a counterclaim against the Trustee for equitable subordination, and seeking to "surcharg[e]" the Trustee "for 100% of any financial harm" incurred by him.

On August 28, 2012, the Trustee filed a motion seeking summary judgment declaring that the estate is the owner of a one-half interest in the Apartments and directing that they be turned over to the Trustee pursuant to § 542, together with an accounting of rents and income. Alternatively, the Trustee sought summary judgment avoiding the transfer of Swift's interest in the Apartments to Burton pursuant to § 549 and seeking turnover pursuant to § 550. The Trustee also sought a default judgment against Bismuth.

On January 22, 2013, Burton filed a motion for summary judgment seeking dismissal of this adversary proceeding based upon the defenses of waiver, estoppel, time bar, laches, unclean hands, acquiescence, and equitable subordination.

On August 5, 2013, a decision (the "Decision"), Krohn v. Burton (In re Swift), 496 B.R. 89 (Bankr. E.D.N.Y. 2013), and an order (the "Order") were issued granting the Trustee's motion to the extent it sought summary judgment against Burton, and denying Burton's summary judgment motion. The Trustee's motion for a default judgment against Bismuth was denied because there was no proof that Bismuth was served with the motion, and because it was unclear whether Bismuth was properly served with the summons and complaint. The Decision and the Order were entered on August 6, 2013.

On August 19, 2013, Burton filed this motion for reconsideration.

## LEGAL STANDARD

Burton seeks reconsideration under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure, respectively.

Bankruptcy Rule 9023 provides that a motion to alter or amend a judgment under Rule 59(e) must be filed no later than 14 days after the entry of the judgment. Fed. R. Bankr. P. 9023. Pursuant to Rule 54(a), made applicable by Bankruptcy Rule 7054, the Order constitutes a "judgment" that may be reconsidered under Rule 59 because it is an "order from which an appeal lies." Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054.

Federal Rule of Civil Procedure 60 provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
>
> \*   \*   \*
>
> A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (b), (c)(1).

Because Burton's motion was filed 13 days after entry of the Order, the motion must be reviewed under Rule 59(e), and not Rule 60. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982) ("where a post-judgment motion is timely filed and 'calls into question the

correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'") (quoting Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978)).

Unlike Rule 60, Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment. See Fed. R. Civ. P. 59(e). The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citation omitted); Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). The purpose of rule 59(e) is "'to mak[e] clear that the . . . court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Emp't Sec., 455 U.S. 445, 450 (1982) (alteration in original) (footnote omitted); Greene v. Town of Blooming Grove, 935 F.2d 507, 512 (2d Cir. 1991). Rule 59 "is strictly construed to avoid repetitive arguments on issues that the court has already fully considered." Gen. Vision Servs. v. Richard A. Eisner & Co., LLC (In re Gen. Vision Servs., Inc.), 352 B.R. 25, 28 (Bankr. S.D.N.Y. 2006). A party "cannot advance new facts or arguments; a motion for reargument is not a vehicle for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.''" Id. (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

Burton seeks reconsideration of the Decision and Order "for procedural reasons only," and also seeks an order pursuant to Bankruptcy Rule 8002(c) enlarging the time to appeal the Order so that he can file a "substantive Rule 9023-9024" motion that "properly briefs all of the factual and legal bases" for relief. (Burton Decl. ¶ 1, Adv. Pro. No. 12-1044-CEC, ECF No. 78.)

Burton's attempt to use this motion as a "placeholder" for a substantive motion for reconsideration must be rejected. Bankruptcy Rule 9023 is clear that a motion under Rule 59(e) must be filed no later than 14 days of entry of the order, and pursuant to Bankruptcy Rule 9006(b), this deadline may not be enlarged. Nor may it be circumvented by filing a "procedural" motion, which will later by supplemented by a "substantive Rule 9023 . . . motion." (Burton Decl. ¶ 1, Adv. Pro. No. 12-1044-CEC, ECF No. 78.); See Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 197 (2d Cir. 2006) ("[U]nder Rule 6(b), courts may not extend the time for taking any action under Rule 59(e). Permitting the [movants] to supplant their timely yet insufficient "placeholder" Rule 59(e) motion . . . with their subsequent augmented filing . . . would afford them an easy way to circumvent Rule 6(b)'s prohibition on granting an enlargement of time for filing motions under Rule 59(e)."). Burton's "procedural" motion for reconsideration will therefore be addressed on the merits.

A.  The Trustee's failure to comply with Burton's request for documents, or to disclose his knowledge of the Debtor's interests in the Apartments until March 2013, do not constitute grounds for reconsideration under Rule 59.

Burton argues that the Trustee has not complied with his discovery request dated March 21, 2013, seeking production of (a) all documents filed with the Court in connection with the four adversary proceedings commenced in the Debtor's cases, including Adversary Proceeding No. 94-1142-MAH, filed by creditor George Banat (the "Banat Adversary Proceeding") and Adversary Proceeding No. 94-1146-MAH filed by the Trustee, both seeking to deny the Debtors a discharge; (b) all correspondence received from Tedeschi, Banat, and tenants of the Apartments; (c) all of the Trustee's "rough notes" relating to the adversary proceedings filed in the Debtors' cases; and (d) all of the Trustee's "rough notes" concerning communications with Tedeschi, Banat, and the tenants. (Burton Decl. ¶ 14, Ex. EEEEE, Adv. Pro. 12-1044-CEC, ECF

No. 78.) Burton argues that the Trustee "deliberately suppressed" this "material evidence," which relates to the Trustee's administration of the estate and establishes that the Trustee knew about the Debtor's record ownership interest in the Apartments since 1994. (Burton Decl. ¶ A, Adv. Pro. 12-1044-CEC, ECF No. 78.) Burton asserts that the Trustee's failure to produce these documents constitutes grounds for reconsideration of the Decision and Order because they would have supported his defense that the Trustee should be estopped from seeking turnover of the Apartments in 2012.

Burton also argues that the Trustee's failure to provide the requested documents, and to disclose his prior knowledge of the Debtor's interests in the Apartments, "prevented [him] from raising or strengthening" multiple defenses to the Trustee's summary judgment motion, including, among others, that (1) the Final Report establishes that the Trustee either did not consider the Debtor's record interest in the Apartments to constitute property of the estate, or that those interests were abandoned; (2) after the filing of the bankruptcy petition, between 1994 and 1996, there was no equity in the Apartments because they were encumbered by a $52,000 loan that exceeded the Apartments' market value; (3) the Trustee's complaint did not state a valid cause of action because "in substance it seeks return of allegedly converted property"; (4) he was a good faith purchaser under 11 U.S.C. § 550(a). (Burton Decl. ¶ 15, Adv. Pro. 12-1044-CEC, ECF No. 78.)

Burton's argument that the Trustee failed to provide requested documents does not constitute a valid base for reconsideration under Rule 59. It must be noted that Burton did not request those documents until almost seven months after the Trustee filed his motion for summary judgment, and three months after the Court reserved decision on the Trustee's motion. Moreover, Burton knew, well before the record on the Trustee's motion was closed by order

dated July 12, 2013 (Order, Adv. Pro. No. 12-1044-CEC, ECF No. 74), and before the Decision and Order were issued in August 2013, that Trustee did not provide him with the documents he requested in March 2013.  Additionally, many of the requested documents, such as filings with the Court, are public documents, and therefore were accessible by Burton for review, and he was not dependent on the Trustee's production of them.  For example, Burton could have easily obtained a copy of the Trustee's Final Report, upon which he now relies to argue that the Trustee either did not consider the Debtor's interests in the Apartments as property of the estate, or as a new basis for his previously rejected argument that those interests were abandoned.[2]  In any event, a litigant may not use a motion for reconsideration as a vehicle to assert new defenses. Gen. Vision Servs., 352 B.R. at 28.

More importantly, most of the requested documents listed in Exhibit EEEEE to Burton's motion relate solely to whether the Trustee had actual knowledge of the Debtor's interest in the Apartments, and Burton acknowledges that the Trustee ultimately disclosed on March 22, 2013 that the Discharge Complaint contained allegations that Swift owned a record 50% interest in the Apartments.[3]  (Burton Decl. ¶¶ 4, 6, Adv. Pro. No. 12-1044-CEC, ECF No. 78.)  The Trustee's failure to disclose earlier that he knew of the Debtor's interests in the Apartments does not constitute a basis for reconsideration under Rule 59 because, in the Decision, the Court analyzed

---

[2] The Final Report contains boilerplate language that "all scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property, or have been or will be abandoned." (Trustee's Final Report ¶3, Case No. 94-10285-CEC, ECF No. 84.) This statement does not support Burton's argument that the Trustee did not consider the Debtor's interests in the Apartment as property of the estate, or that he abandoned those interests. It is apparent from this adversary proceeding that the Trustee basically forgot about those interests, and that he considers them estate property. To the extent the Final Report contains the misstatement regarding the disposition of all known property, the Trustee may withdraw the Final Report, especially given that it has not been approved. Additionally, the Final Report's provision that an asset "will be abandoned" does not, by itself, constitute abandonment. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 123 (2d Cir. 2008) ("Abandonment is not a process to be taken lightly . . . . [A] trustee's intent to abandon an asset must be clear and unequivocal.").

[3] The first page of the document request is not attached to Exhibit EEEEE of Burton's Declaration.  The complete document request, filed with the Court on March 21, 2013, (Adv. Pro. No. 12-1044-CEC, ECF No. 64), reflects that Burton also requested copies of the transcripts of the Rule 2004 examinations of Tedeschi and D'Emic. These transcripts would also only relate to the Trustee's knowledge of the Debtor's interests in the Apartments.

10

the Trustee's claims and Burton's defenses after concluding that the Trustee had either actual or constructive knowledge of the Debtor's interests in the Apartments at the time he filed the Discharge Complaint in 1994. The Court nonetheless determined that the Trustee was entitled to summary judgment, and was not estopped from seeking turnover, because the balance of the equities weighed against Burton, who knew of the pending bankruptcy case and that the Debtor held a record 50% interest in the Apartments, and failed to contact the Trustee to verify his assumption that the Debtor was not the equitable owner of the Apartments.[4] Swift, 496 B.R. at 99-102.

B.  <u>Burton has not provided new evidence, or identified an intervening change of controlling law, to establish that the Debtor's interests in the Apartments are not property of the estate, nor has he shown the need to correct a clear error or prevent manifest injustice.</u>

Burton, citing <u>Gordon v. Nationwide Mutual Insurance Co.</u>, 30 N.Y.2d 427 (N.Y. 1972), argues that his reliance on an attorney's opinion that Swift's interests in the Apartments were not property of the estate, even if that advice was incorrect, precluded the Court's finding that he acted in bad faith in purchasing the beneficial interests in the Apartments after the Debtors filed for bankruptcy.

In <u>Gordon,</u> the New York Court of Appeals declined to award punitive damages to the plaintiff in a breach of contract case. Noting that a defendant's bad faith breach of a contract might warrant an award of punitive damages, the New York Court of Appeals held that the defendant's reliance on an attorney's advice is a defense to the necessary finding of a bad faith.[5]

---

[4] Similarly, Burton's argument that the Trustee violated various laws and public policy by failing to disclose his prior knowledge of the Debtor's interests in the Apartments does not constitute a basis for reconsideration. Burton has not established that the Trustee knowingly and intentionally misrepresented that he was unaware of the Debtor's interests in the Apartments. On the other hand, it is undisputed that Burton knew of the bankruptcy filing, and of Swift's record interest in the Apartments, at the time Burton attempted to purchase those interests. Moreover, this argument could have been raised in opposition to the Trustee's summary judgment motion, and is therefore not a basis for reconsideration under Rule 59.

[5] The holding in <u>Gordon</u> has been "call[ed] into question" by subsequent New York Court of Appeals cases. <u>See</u> TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 94 (2nd Cir. 2005).

Gordon, 30 N.Y.2d at 433-437. Gordon is entirely inapplicable to the case at bar. Here, the Trustee is seeking turnover of estate property, and is not seeking punitive damages for breach of contract. Nor was Burton found to have acted in bad faith; rather, it was concluded that the balance of the equities weighed against Burton because he assumed the risk that the Trustee would seek turnover of Swift's interests in the Apartments, and therefore the Trustee was not be equitably estopped from seeking that relief. Swift, 496 B.R. at 101-102. Moreover, because Gordon was issued in 1972, to the extent that decision could be relevant, it cannot constitute an intervening change of controlling law to warrant reconsideration.

Burton next argues that the Court erred by failing to give evidentiary weight to a letter sent to him by D'Emic dated April 2, 2004, which confirmed that Bismuth owned the beneficial interests in the Apartments. He argues that this letter is not hearsay and is admissible under Rules 803(1) and (17) of the Federal Rules of Evidence to show his "state of mind and belief concerning ownership or the Interests, which also is relevant to the issue of good faith purchase." (Burton Decl. ¶ 15(xi), Adv. Pro. No. 12-1044-CEC, ECF No. 78.)

This argument is not a basis for reconsideration of the Order under Rule 59. Burton's "state of mind and belief" that Bismuth owned the beneficial interests in the Apartments is irrelevant to the Trustee's turnover claim. As explained in the Decision, Burton could have only purchased the beneficial interests in the Apartments from Bismuth if Bismuth actually owned those interests. Burton's "state of mind and belief" that Bismuth owned the beneficial interests in the Apartments cannot confer ownership of those interests on Bismuth and cannot effectuate a legal transfer of those interests to Burton.

Burton asserts that the Debtor's September 1990 balance sheet, attached as an exhibit to Banat's complaint, "rais[es] the possibility" that the Debtor transferred the beneficial interests in

the Apartments to Bismuth before the bankruptcy case was filed. (Burton Decl. ¶ 9, Adv. Pro. No. 12-1044-CEC, ECF No. 78.) This argument was already rejected on the merits in the Decision, and is not grounds for reconsideration. Gen. Vision Servs., 352 B.R. at 28 (A motion for reconsideration cannot reargue issues that were already fully considered).

C    <u>The Trustee's Summary Judgment Motion was not heard or determined in a prejudicial manner.</u>

Burton argues that reconsideration under Rule 59 is warranted because he was "seriously prejudiced" by the way the Trustee's summary judgment motion was heard. (Burton Decl. ¶ 29, Adv. Pro. No. 12-1044-CEC, ECF No. 78.) However, none of Burton's arguments regarding the manner in which the Trustee's summary judgment motion was heard or decided establish a need to "correct a clear error or prevent manifest injustice," to warrant reconsideration under Rule 59.

First, Burton argues that oral argument was held before the allegations in the Banat Adversary Proceeding and the Trustee's Discharge Complaint were revealed to him, causing him to waste time in researching, briefing, and arguing "fact claims and legal arguments that were false," and preventing him from focusing on more relevant issues, or from filing a summary judgment motion against Tedeschi. (Burton Decl. ¶ 29(A), (B), (C), (J), Adv. Pro. No. 12-1044-CEC, ECF No. 78.)

This argument is unpersuasive. The Trustee's earlier incorrect assertion that he did not have knowledge of the Debtor's interests in the Apartments should not have prevented Burton from focusing on other relevant issues, especially the issue of whether Bismuth owned the beneficial interests in the Apartments. There is no indication that Burton sought discovery from Bismuth to substantiate that defense, and there is no reason why the Trustee's failure to disclose his prior knowledge of Swift's record interest in the Apartments would have prevented Burton from seeking that discovery. Nor did the Trustee's motion prevent Burton from seeking relief

against any third-party defendant, as provided by Rule 54(b), made applicable to this adversary proceeding by Bankruptcy Rule 7054(a).[6]

Burton also argues that "the Court allowed" the Trustee to seek summary judgment prior to discovery being exchanged, and before he was able to seek "pre-decision discovery" or raise discovery concerns. (Burton Decl. ¶ 29(E), (F), (I), Adv. Pro. No. 12-1044-CEC, ECF No. 78.) This argument must also be rejected.

Rule 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, does not require discovery to be commenced, or completed, prior to a summary judgment motion being heard or determined. Rather, pursuant to Rule 56(d), Burton could have filed an "affidavit or declaration [showing] that, for specified reasons, [he] cannot present facts essential to justify its opposition," and sought time to complete discovery. Fed. R. Civ. P. 56(d). He did not do so, and cannot now argue that the Order should be reconsidered under Rule 59(e) because discovery was not exchanged. Burton has also not explained why he did not seek discovery until March 21, 2013, more than a year after this action was commenced, and more than seven months after the Trustee filed his motion.

Burton next argues that the Court decided the Trustee's summary judgment motion "without joinder of co-defendant Bismuth," and "fail[ed] to require joinder of defendant Bismuth before plaintiff filed his motion," causing him to be solely liable on judgment for which Bismuth should also be liable. (Burton Decl. ¶ 29(G), (H), Adv. Pro. 12-1044-CEC, ECF No. 78.)

Contrary to Burton's assertions, Bismuth was named as a co-defendant in this adversary proceeding. To the extent Burton argues that Bismuth should have been ordered to appear or

---

[6] Burton's answer in this adversary proceeding names Tedeschi as a third-party defendant, but does not seek any relief against him. Apparently realizing this, Burton filed a motion to amend his answer to include, among other things, a claim against Tedeschi. That motion was not decided, and therefore it is unclear whether Burton could have sought summary judgment against Tedeschi in any event.

otherwise respond to the Trustee's summary judgment motion, this argument must be rejected. Burton has not provided any authority to support his position that a court may direct a party to defend an action.[7] Additionally, Burton did not assert a cross-claim against Bismuth seeking contribution or indemnification, and the manner in which the Trustee's summary judgment motion was heard and decided did not prevent Burton from doing so.

Burton also argues that he was prejudiced when the record on these motions was closed on July 12, 2013, and the matters taken on submission, because as a result, he "had no means to raise the points now raised" in this motion for reconsideration. (Burton Decl. ¶ 29(D), Adv. Pro. No. 12-1044-CEC, ECF No. 78.) The record on these motions were closed almost eleven months after the Trustee filed his motion for summary judgment, and almost six months after Burton filed his motion for summary judgment. Indeed, at a conference held on June 28, 2013, the Court granted Mr. Burton's request for an extension to July 1, 2013 to supplement his opposition to the Trustee's motion by filing, among other things, a copy of the complaint filed in the Banat Adversary Proceeding. To the extent Burton obtained additional, relevant evidence, he could have sought to reopen the record again. He did not do so. Therefore, Burton's argument that he was prejudiced by the closure of the record on July 12, 2013 must be rejected.

Nor was Burton prejudiced the fact that oral argument was not heard on his motion for summary judgment. "Every circuit to consider the issue has determined that the 'hearing' requirements of . . . Rule 56 do[es] not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998). Given the lengthy record of this adversary proceeding,

---

[7] As discussed in the Decision, it appears that Bismuth may not have been properly served with the Trustee's complaint. For this reason, and because there was no evidence that the motion was served on Bismuth, the Trustee's default judgment motion against Bismuth was denied.

it is clear that Burton was provided with ample opportunity to present his arguments, and therefore this argument must also be rejected.

Burton also argues that the "Court used [his] self-representation at oral argument . . . to conduct a form of asymmetrical discovery . . . [to] question [him] about various material facts without similarly questioning plaintiff." (Burton Decl. ¶ 29(K), Adv. Pro. No. 12-1044-CEC, ECF No. 78.) Burton has not cited to any portion of the transcript of the hearing on the Trustee's motion to support his allegation of unfairness, and this Court has found none. The Court's questioning of Burton appropriately related to the issues raised on the motion.

Lastly, Burton asserts that he was prejudiced because the Trustee made false statements in his motion papers regarding his claimed lack of prior knowledge of Swift's interests in the Apartments. (Burton Decl. ¶ 29(L), Adv. Pro. No. 12-1044-CEC, ECF No. 78.) As discussed above, in the Decision, the Court found that the Trustee had actual or constructive knowledge of those interests since 1994, when he filed the Discharge Complaint. Any statements that the Trustee made in his summary judgment motion concerning lack of knowledge of Swift's interests were not a basis for the award of summary judgment, and thus, Burton was not prejudiced by them.

CONCLUSION

All of Burton's arguments for reconsideration, including those not expressly discussed herein, constitute either variations of arguments already rejected in the Decision, or new arguments that could have been raised in opposition to the Trustee's motion for summary judgment.  Burton's motion therefore does not establish "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," and instead seeks to "advance new facts or arguments," and to take a "second bite at the apple."  Virgin Atl. Airways, 956 F.2d at 1255; Sequa, 156 F.3d at 144.  For these reasons, the motion must be denied.

Burton's request for an extension of time to file an appeal of the Decision and Order is unnecessary because Bankruptcy Rule 8002(b) specifically provides that the time to appeal "runs from the entry of the order disposing" of a motion for reconsideration under Bankruptcy Rule 9023.  Therefore, that request is also denied.

A separate order will issue.



**Dated: Brooklyn, New York**
**January 9, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**